IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA LYNN HIDALGO | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: AMD 00-113 |
| SEARS, ROEBUCK AND CO. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED PROTECTIVE ORDER

IT BEING REPRESENTED to the Court that Plaintiff Donna Lynn Hidalgo has requested certain documents from Defendant Sears, Roebuck and Co. which Sears, Roebuck and Co. contends involve trade secrets, confidential research, proprietary materials and developments, and/or commercial information belonging to Sears, Roebuck and Co.; and

It being represented to the Court that Sears, Roebuck and Co. is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that both parties are in agreement as to the terms of said Protective Order;

It is hereby ORDERED that:

(1) Sears, Roebuck and Co. will disclose select portions of its Loss Prevention Manual and certain employment files[1] to the Plaintiff and her counsel only pursuant to this Order and under the conditions that follow.

(2) Any and all of the aforesaid materials disclosed by Sears, Roebuck and Co. and the contents thereof shall be maintained in confidence by the Plaintiff and her counsel. The aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Sears, Roebuck and Co. or until further Order of this Court.

---

[1] A list of the materials that will be disclosed by Sears, Roebuck and Co. is attached hereto as "Exhibit A."

(3) Any and all of the aforesaid materials disclosed by Sears, Roebuck and Co. and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

(4) No person who examines any materials produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the materials or the information contained therein, to any person not also authorized to examine the materials under the terms of this Order.

(5) Counsel for Plaintiff may permit an expert or experts hired by the Plaintiff to review the materials subject to this Protective Order, but counsel for the Plaintiff must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the materials and the contents thereof shall not be disclosed to any other person or entity and said materials shall not be photocopied or reproduced by any means. Any materials provided to experts must be returned to Sears, Roebuck and Co. within thirty (30) days of the conclusion of the above-captioned litigation in accordance with the terms of paragraph 8 below.

(6) Notwithstanding the foregoing provisions, the terms of this Order shall not prejudice the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

(7) Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the materials subject to this Protective Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

(8) At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order, or otherwise, all portions of Sears, Roebuck and Co.'s Loss Prevention Manual and employment files in the possession of the Plaintiff, her counsel, or her experts, including any and all copies or renditions made from said documents, shall be returned to Sears, Roebuck and Co. within thirty (30) days.

(9) The Plaintiff and her counsel shall not be obligated to challenge the propriety of any designation of documents and information as confidential at the time that such designation is made, and the failure to do so shall not preclude a subsequent challenge thereto. However, in the event that the Plaintiff and her counsel disagree at any stage of these proceedings with a designation of documents or information as confidential, the designation may be challenged as herein provided:

      (a) The Plaintiff and her counsel shall first try to resolve such a dispute on an informal basis by conferring with counsel for Sears, Roebuck and Co. If a challenge is made, it will be the responsibility of the Plaintiff and her counsel to provide a proffer as to why the produced documents should not be treated as confidential material.

      (b) If the dispute is not resolved informally, Plaintiff's counsel shall identify specifically the disputed designations in writing to Sears, Roebuck and Co.'s counsel.

      (c) If Sears, Roebuck and Co. is of the continued opinion that such challenged documents and information were properly designated as confidential, the issue shall be presented to the Court in the form of a Motion for Protective Order by Sears, Roebuck and Co. Before the Court, Sears, Roebuck and Co. shall have the burden of proving "good cause" that such documents and information were properly designated as confidential.

      (d) After receiving the written designations as specified in subparagraph 9(b), Sears, Roebuck and Co. shall have twenty (20) days to file the Motion for Protective Order. If Sears, Roebuck and Co. does not file the Motion within that time period, the confidential designation shall be removed.

      (e) If Sears, Roebuck and Co. does file a Motion for Protective Order, the Plaintiff and her counsel shall continue to regard the material as confidential and subject to the provisions of the forgoing Protective Order pending the Court's resolution of the Motion for Protective Order.

(10) If a party proposes that any document subject to the terms of this Order be filed in the Court under seal, the party making said proposal shall simultaneously submit a Motion and accompanying Order to the Court which includes (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Clerk of the Court may return to counsel or destroy any sealed material at the end of the litigation.

(11) A breach of the terms of this Order shall entitle Sears, Roebuck and Co. to appropriate sanctions, including but not limited to attorney's fees and costs incurred in the enforcement of the Order.

Entered this _16th_ day of _May_, 2000.

_____
JUDGE, United States District Court
for the District of Maryland

Agreed as to the terms and conditions:

_____  5/11/00
Thomas F. McDonough, Esquire        Date
Counsel for the Plaintiff

_____  5/11/00
Kenneth W. Long, Jr., Esquire       Date
Co-Counsel for the Plaintiff

_____  5/11/00
Matthew T. Angotti, Esquire         Date
Counsel for the Defendant

_____  5/11/00
Neil R. Lebowitz, Esquire           Date
Co-Counsel for the Defendant

4

# Exhibit A

1. Subject to the terms and provisions of the forgoing Protective Order, Sears, Roebuck and Co. will disclose the following select portions of its Loss Prevention Manual to Plaintiff Donna Lynn Hidalgo and her counsel:

    a.    Chapter 5: Sections 5-1 (Introduction), 5-2 (Shoplifting), and 5-7 (General Loss Prevention Policies and Procedures)

    b.    Chapter 8 in its entirety

2. Subject to the terms and provisions of the forgoing Protective Order, Sears, Roebuck and Co. will disclose the employment files of the following Sears employees to Plaintiff Donna Lynn Hidalgo and her counsel:

    a.    Richard E. Sandlass

    b.    Deborah E. Bobadilla